# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **JEMIKA ROBIN WILLIAMS** | **PLAINTIFF** |
| v. | CAUSE NO. 1:18cv406-LG-RHW |
| **NAVIENT SOLUTIONS, LLC** | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT is the [7] Motion to Dismiss filed by Defendant Navient Solutions, LLC. The Motion argues that Plaintiff's claims are barred by the applicable statutes of limitations and that she otherwise fails to state a claim for which relief may be granted. Although the motion is fully briefed, Plaintiff's response does not address the merits of Defendants' Motion, instead requesting that this Court deny the motion because the case should be set for trial. Having considered the submissions of the parties, the record, and relevant law, the Court concludes that Defendant's Motion to Dismiss should be granted because Plaintiff's claims are time-barred.

## I. BACKGROUND

Plaintiff Jemika Robin Williams, who proceeds *pro se*, filed her Complaint in the Justice Court of Pearl River County, Mississippi on November 19, 2018. Williams alleges that Defendant contacted her on May 10, 2006 in an attempt to collect on student loan debt she says was erroneously attributed to her because she

was the victim of identity theft. She says that she has provided information to Defendant to prove that she had been the victim of identity theft because the signature on the promissory note Defendant provided to her was not hers. She claims that Defendants' contacts with her attempting to collect on this debt constitutes defamation, the negligent enablement of identity fraud, and a violation of section 807(8) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8). Defendant removed the case to federal district court on the basis of federal question jurisdiction on December 21, 2018. On January 11, 2018, Defendant filed the instant Motion to Dismiss.

## II. DISCUSSION

a. <u>Motion to Dismiss Standard</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough

to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

  b. <u>Analysis</u>

The alleged conduct that is the basis for this lawsuit occurred on May 10, 2006. Plaintiff filed this lawsuit on November 19, 2018, more than twelve years later. Negligence claims in Mississippi are subject to the three-year statute of limitations under Mississippi Code Section 15-1-49. *See Breeden v. Buchanan*, 164, So. 3d 1057, 1061-62 (Miss. Ct. App. 2015); *Smith v. DiMa Homes, Inc.*, 74 So. 3d 377, 378 (Miss. Ct. App. 2011). Defamation claims in Mississippi are subject to the one-year limitations period under section 15-1-35 of the Mississippi Code. *See Staheli v. Smith*, 548 So. 2d 1299, 1302 (Miss. 1989). The statute of limitations for Williams's FDCPA claim is also one year. 15 U.S.C. § 1692k(d). Plaintiff claims that she knew on or around May 10, 2006, that the signature on the student loan note was not hers. Thus, there is no basis for tolling the applicable limitations periods (at least not for any period of time that would change the end result). Her claims are time-barred.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by Defendant Navient Solutions, LLC is **GRANTED**. Plaintiff Jemika Robin Williams's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2019.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE